**Hernan BONILLA, Plaintiff,**

v.

**Luis Arguayo RODRIGUEZ, Defendant.**

**No. Civ. 86–0289 (PG).**

United States District Court,
D. Puerto Rico.

April 21, 1986.

Hernan Bonilla, pro se.

## OPINION AND ORDER

JUAN M. PEREZ–GIMENEZ, Chief Judge.

Hernán Bonilla brought this action *pro se* for declaratory and injunctive relief and damages against the Auxiliary Secretary of the Nutritional Assistance Program of Puerto Rico alleging that his civil rights had been violated when he was denied nutritional assistance and emergency needs. Jurisdiction is invoked pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) and under the due process and equal protection clauses of the 14th Amendment to the United States Constitution. Plaintiff also alleges state claims under the doctrine of pendent jurisdiction.

The complaint establishes the following facts. The plaintiff, Mr. Hernán Bonilla, applied for public assistance at the Office of Nutritional Assistance in Río Piedras, Puerto Rico. Plaintiff was given an application, which he completed. He was later interviewed and told to sign a statement indicating he came from the United States. He was told that he would have to wait around three months before a decision could be issued regarding his eligibility. After explaining his urgency for public assistance, he was told to fill out an application for emergency assistance, which he did. Later, Mr. Bonilla had an interview in which the case worker asked him how was he able to pay rent. Plaintiff replied that he had $100 left. As a result of that reply, plaintiff alleges that the case worker immediately held plaintiff to be ineligible for emergency assistance. Plaintiff was told

that it would take three to four weeks before an appeal of the denial could be considered. Plaintiff was given defendant's name for further inquiry regarding the emergency assistance. Plaintiff alleges that he called Mr. Rodríguez's office on several occasions without any result and that all attempts to resolve his case have been futile.

Plaintiff requests in the complaint the following: (1) a preliminary and permanent injunction enjoining the defendant and his employees from discriminating against him; (2) a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure ordering defendant to show cause why plaintiff should not receive nutritional needs and emergency assistance pending the outcome of this action; (3) a declaration that any appeal is an inadequate and futile remedy; (4) a declaration that plaintiff's rights have been violated; and (5) to recover damages for emotional and mental distress.

Plaintiff also filed a motion requesting the Court for an order to show cause why a preliminary injunction should not issue pursuant to Rule 65(b) of the Fed.R.Civ.P.[1] directing the defendant to immediately provide emergency assistance to plaintiff.

Ex parte temporary restraining orders should be restricted to serving their underlying purpose of preserving status quo and preventing irreparable harm just so long as is necessary to hold a hearing, *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers, Local No. 70 of Alameda County,* 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); Wright & Miller, *Federal Practice and Procedure:* Civil § 2951, rather than granting most or all of the substantive relief requested in the complaint. *Fernán-*

---

1. Rule 65(b) provides:

 A temporary restraining order may be granted without oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the

 applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certified to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting his claim that notice should not be required.

*dez-Roque v. Smith,* 671 F.2d 426 (11th Cir.1982).

■ Plaintiff's request for a temporary restraining order directing defendant to provide emergency assistance because of his inability to purchase bare needs amounts to a request to grant most or all of the substantive relief requested in the complaint and the same should be denied.

Plaintiff also seeks to enjoin defendant from discriminating against him and to order defendant to provide plaintiff's nutritional needs. For the reasons which follow and guided by the Supreme Court of the United States' warning that no "injunction ought to issue against officers of a State clothed with authority to enforce the law in question, unless in a case reasonably free from doubt and when necessary to prevent great and irreparable injury", *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975), the Court is of the opinion that the relief requested should be denied.

For issuance of a preliminary injunction plaintiffs are required to show: (1) irreparable injury should an injunction not issue; (2) that they have a substantial likelihood or strong probability of success on the merits, (3) that others would not be subjected to substantial harm, and (4) that the public interest will be served by issuance of a preliminary injunction.

The allegations of a *pro se* complaint, "however inartfully pleaded should be held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam), *quoting, Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). However, even under the liberal construction given to a *pro se* litigant's pleadings, under the facts and circumstances of this case, the Court finds that plaintiff is unable to demonstrate any probability of success on the merits.

Two allegations are required in order to state a cause of action under 42 U.S.C. § 1983: "First, a plaintiff must allege that same person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gómez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

Plaintiff argues that he was denied emergency assistance in violation of his Fourteenth Amendment rights to equal protection and due process under color of state law (a Secretary of Nutritional Assistance Program for the Commonwealth of Puerto Rico) because of his status as a United States citizen when he was requested to sign a statement that he came from the United States.

The Supreme Court of the United States has stated that "when we deal with a withholding of a noncontractual benefit under a social welfare program such as [Social Security], we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification uterly lacking in rational justification." *Weinberger v. Salfi,* 422 U.S. 749, 768, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975), *quoting, Flemming v. Nestor,* 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960).

■ The equal protection clause requires that the state not purposely discriminate against those who are entitled to be treated in the same manner as other similarly situated persons. *Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed.2d 497 (1944); *Shango v. Jurich,* 681 F.2d 1091, 1097 (7th Cir.1982). In order to prove such a violation of equal protection, a plaintiff must show an intentional or purposeful discrimination in the administration of the state classification. *Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *McCalvin v. Fairman,* 603 F.Supp. 342, 346 (C.D.Ill.1985). The same showing of intentional and purposeful discrimination is required when one claims a denial of equal protection resulting from failure of government officials to apply their own

regulations properly. *Kelly v. Cooper*, 502 F.Supp. 1371 (E.D.Va.1980).

■ Plaintiff's allegation that his U.S. citizenship entered into the decision denying assistance is unsupported by any facts.[2] *See, e.g., Jones v. Community Redevelopment Agency*, 733 F.2d 646 (9th Cir.1984). The facts, as alleged by plaintiff, suggest that he was denied emergency or general assistance because he was found not to comply with the requisites of eligibility rather than because of plaintiff's citizenship. Furthermore, plaintiff's allegation that he was discriminated because of his status as a U.S. citizen is totally contrary to law. To be deemed eligible to receive general assistance under the Public Welfare Law of Puerto Rico one of the requisites is that the person requesting the same be a legal resident of Puerto Rico. Regulation No. 8, Regulation of Public Assistance of May 4, 1983, Chapter 1, Article II, Section 1.[3] A legal resident in Puerto Rico is defined as "An American citizen or a person lawfully admitted for permanent residence or otherwise permanently residing in the United States and/or Puerto Rico." Regulation No. 8, Chapter 1, Article I (18). Plaintiff has, therefore, failed to establish an equal protection and due process violation.

Plaintiff also alleges that defendant refused to observe the regulation governing eligibility when he did not calculate eligibility based on existing resource income.

■ The primary responsibility of determining who shall be eligible for assistance is for the Commonwealth of Puerto Rico. Federal courts would ordinarily not interfere with that determination unless there are violations of constitutional proportions.

*Whitfield v. Dempsey*, 531 F.Supp. 767, 770 (W.D.Mich.1982).

In *Burton v. Thornburgh*, 541 F.Supp. 168 (E.D.Pa.1982) the court stated at p. 177:

"The United States Supreme Court has recognized that public assistance benefits are a matter of statutory entitlement for persons eligible to receive them. *Goldberg v. Kelley*, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970). *Mere desire, need, or unilateral expectation of receiving or continuing to receive public assistance benefits does not constitute a property interest protected by the 5th and 14th Amendments.* (emphasis ours) *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 1709, 33 L.Ed.2d 548 (1972). Rather, to establish a protected property interest in a particular benefit, the potential recipient must demonstrate a claim of entitlement. *Goldberg, supra*, 397 U.S. at 262, 90 S.Ct. at 1017."

■ An individual can claim entitlement to the benefits if he is within the class of eligible recipients. This entitlement triggers due process and equal protection guarantees. *Burton v. Thornburgh, supra*, at 168.

Article II, Section 1 of Puerto Rico's Regulation of Public Assistance defines the eligibility requirements. Section I provides:

It shall be deemed eligible to receive assistance all persons that request it and who do not have income or creditable resources to cover the total of the minimum needs which the Department recognizes; who meet the requirements in one of the categories described below; [4] who do not reside in a private or public insti-

---

**2.** "Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." *Jones v. Community Redevelopment Agency*, 733 F.2d 646 (9th Cir.1984).

**3.** The Public Assistance Program was created by Public Law No. 95, dated May 7, 1943, as amended, known as the Public Welfare Law of Puerto Rico, which distributes among the needy some state and federal funds provided in ac-

cordance with the "Social Security Act", as amended.

**4.** The categories are: Category A—Aid to persons 65 years of age or older; Category B—Aid to the blind; Category D—Aid to totally and permanently disabled persons; AFDC Category—Aid to families with needy children; Category F—Aid to children living with a tutor; Category G—General assistance (persons who have a physical or mental condition or sickness, or both, of transitory character of such nature that

tution, who do not receive public assistance under any other category; and who is a legal resident of Puerto Rico.

Plaintiff has not provided a single factual allegation to support his broad claim of a denial of any statutory entitlement without due process of law.

Although plaintiff has failed to indicate whether or not he seeks procedural due process protection, after giving the required liberal reading to a *pro se* complaint the Court will consider the same. The Court finds that plaintiff did not follow the administrative procedures provided under state law.

 He had available what appears to be a constitutionally sufficient administrative procedure. Article II, Section 10, provides that:

> All applicants who are not satisfied with the action taken on their application or the delay in taking the action shall have the right to a hearing before the Board of Appeals. If applicant is not satisfied with the action taken he may appeal within fifteen (15) days of the mailing of the notification of such ction. If applicant requests a hearing because his claim for financial assistance is not acted upon with reasonable promptness, he can do so at anytime before the action is taken and after the period established for prompt attention is concluded, as established in section 5 of this Article."

(Section 5 establishes that a decision shall be made within a period of 45 days from the date in which the application was filed.) The availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure. *Dusanek v. Hannon*, 677 F.2d 538 (7th Cir.1982), *cert. denied*, 459 U.S. 1017, 103 S.Ct. 379, 74 L.Ed.2d 512. This decision does not stand for a requirement of exhaustion of administration remedies as a predicate to a 1983 claim. Rather, it expresses the logical proposition that a state cannot be held to have violated due process

requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them. As stated in *Dusanek, supra,* at 543 "[b]ecause the procedural protections existed, the state cannot be accused of withholding them in a 1983 suit."

The Court concludes that the complaint fails to state a section 1983 claim. After a liberal reading of the *pro se* complaint, the Court fails to find any fact that would lend support to a constitutional injury based on citizenship or a failure to follow state regulations. *See, e.g., Jones v. Community Redevelopment Agency*, 733 F.2d 646 (9th Cir.1984). Because we are dismissing plaintiff's section 1983 claims, pendent state claims also should be dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Jones v. Community Redevelopment Agency, supra.*

WHEREFORE, in view of the above, the Court hereby ORDERS the DISMISSAL of plaintiff's complaint.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

totally incapacitates them to pursue their usual occupation and keeps them from engaging in

any other form of work which they may perform and proves disability to earn a living).